Louis Pechman
Laura Rodriguez
Pechman Law Group PLLC
488 Madison Avenue – 11th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALFONSO ARGUDO,

                Plaintiff,

       -against-                          **COMPLAINT**

34TH STREET DINER, INC D/B/A THE TICK TOCK DINER, 34TH STREET DINER, INC. D/B/A TRATTORIA BIANCA, and ALEX SGOURDOS,

                Defendants.
------------------------------------------------------------------X

      Plaintiff Alfonso Argudo ("plaintiff" or "Argudo") by his attorneys Pechman Law Group PLLC, complaining of defendants 34th Street Diner, Inc. d/b/a the Tick Tock Diner, 34th Street Diner, Inc. d/b/a Trattoria Bianca, and Alex Sgourdos (collectively, "defendants"), alleges:

### NATURE OF THE ACTION

    1.    Plaintiff brings this action to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Section 190 *et seq.* of the New York Labor Law ("NYLL").

    2.    34th Street Diner, Inc. does business as both the Tick Tock Diner and Trattoria Bianca.

3. The Tick Tock Diner is a diner located at 481 8th Avenue, New York, New York 10001 and is known for serving American comfort food. The diner is open twenty-four hours a day, seven days a week.

4. Trattoria Bianca is a restaurant located at 481 8th Ave, New York, New York 10001, serving traditional Italian food and is home to Executive Chef Julian Clauss-Ehlers.

5. Argudo worked approximately 40 hours per week at the Tick Tock Diner as a cashier and approximately 36 hours per week at Trattoria Bianca as a bartender.

6. Defendants paid Argudo at a straight-time rate for all hours worked, including hours worked in excess of forty per week.

7. Defendants failed to compensate Argudo at the appropriate overtime rate for hours that he worked in excess of forty per workweek, and failed to provide spread-of-hours pay.

8. Defendants also failed to furnish Argudo with wage notices at the time of hiring and whenever his daily pay rate changed.

9. At the Tick Tock Diner, defendants failed to furnish plaintiff with accurate wage statements. In fact, defendants paid plaintiff in cash on a weekly basis, without providing any form of wage statement.

10. At Trattoria Bianca, defendants furnished plaintiff with inaccurate wage statements. The wage statements incorrectly indicated that Argudo worked fewer hours per week than he actually worked.

11. Defendants systematically ignored the requirements of the FLSA and NYLL by failing to pay Argudo minimum and overtime wages, failing to provide Argudo with accurate paystubs for each pay period, and failing to furnish Argudo with wage notices at the time of hiring and when his daily pay rate changed.

12. Argudo seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

13. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

14. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the Tick Tock Diner ("Tick Tock") and Trattoria Bianca, both of which are located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

15. Argudo resides in Elizabeth, New Jersey.

16. Tick Tock employed Argudo as a cashier from approximately 2006 to February 19, 2016.

17. Trattoria Bianca employed Argudo as a bartender from approximately 2006 to February 19, 2016.

18. Argudo was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

19. Argudo was a covered, non-exempt employee within the meaning of the FLSA and NYLL.

**Defendants**

20. Defendant 34th Street Diner, Inc. is a New York corporation that owns, operates, and does business as the Tick Tock Diner and Trattoria Bianca.

21. Tick Tock has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

22. Tick Tock has an annual gross volume of sales in excess of $500,000.

23. Tick Tock is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

24. Trattoria Bianca has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

25. Trattoria Bianca has an annual gross volume of sales in excess of $500,000.

26. Trattoria Bianca is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

27. Alex Sgourdos ("Sgourdos") is the owner of 34th Street Diner, Inc.

28. Throughout plaintiff's employment, Sgourdos hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay, work, and scheduling policies at Tick Tock and Trattoria Bianca.

29. Sgourdos approved the hiring of plaintiff, fired plaintiff, directed and assigned plaintiff's daily work duties and assignments, set plaintiff's weekly salary, gave plaintiff two pay raises, and set plaintiff's work schedule.

30. Sgourdos exercised sufficient control over both Tick Tock and Trattoria Bianca's operations to be considered plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

31. Throughout his employment, defendants did not pay Argudo the statutory minimum wage, overtime compensation, or spread-of-hours pay.

32. Throughout his employment, Argudo had the same work schedule, working four days per week at Tick Tock and six days per week at Trattoria Bianca.

33. From Fridays to Mondays, Argudo worked at Tick Tock from 4:00 p.m. to 11:00 p.m. and at Trattoria Bianca from 11:00 p.m. to approximately 3:00 a.m.

34. On Wednesdays and Thursdays, Argudo worked at Trattoria Bianca from 4:00 p.m. to approximately 3:00 a.m.

35. Argudo sometimes worked for an additional two hours from 4:00 a.m. to 6:00 a.m. at Tick Tock, after completing a workshift at Trattoria Bianca.

36. Argudo received one half-hour break each day.

37. Throughout his employment, Argudo worked approximately sixty-three hours per week.

38. At Tick Tock, Argudo worked as a cashier.

39. At the Trattoria Bianca, Argudo worked as a bartender.

40. As a cashier, defendants paid Argudo $11.00 per hour for all hours worked, including hours worked over 40 per week.

41. As a bartender, from approximately 2006 to December 2015, defendants paid Argudo $5.00 per hour for all hours worked, including hours worked over 40 per week.

42. As a bartender, from approximately January 2016 to February 19, 2016, defendants paid Argudo $7.50 per hour for all hours worked, including hours worked over 40 per week.

43. Upon information and belief, defendants did not provide Argudo with sufficient notice of the tip credit provisions of the FLSA and the NYLL and it did not express their intent to apply a tip credit to Argudo's wages.

44. As a result, defendants were not entitled to reduce the minimum wages paid to Argudo by applying the tip credit allowance that is available under the FLSA and NYLL.

45. Additionally, defendants failed to furnish Argudo with annual wage notices and accurate wage statements.

46. Argudo was denied spread-of-hours pay when the length of his workday exceeded ten hours.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

47. Plaintiff repeats and realleges all forgoing paragraphs as if set forth herein.

48. Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq.*

49. Defendants were required to pay plaintiff the applicable minimum wage rate for each hour that he worked.

50. Defendants failed to pay plaintiff the minimum wages to which plaintiff was entitled under the FLSA.

51. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

52. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

53. Plaintiff repeats and realleges all forgoing paragraphs as if set forth herein.

54. Defendants were not eligible to avail themselves of the tipped minimum wage rate under the NYLL because defendants were required to, but failed to, inform plaintiff of the tip credit provisions of the NYLL and the supporting New York State regulations.

55. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting New York State Department of Labor Regulations.

56. Defendants failed to pay plaintiff the minimum wages to which plaintiff was entitled under the NYLL.

57. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff minimum hourly wages.

58. As a result of defendants' willful violations of the NYLL, plaintiff has suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

59. Plaintiff repeats and realleges all forgoing paragraphs as if set forth herein.

60. Defendants were required to pay plaintiff one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

61. Defendants failed to pay plaintiff the overtime wages to which plaintiff was entitled under the FLSA.

62. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages.

63. Due to defendants' violations of the FLSA, plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

64. Plaintiff repeats and realleges all forgoing paragraphs as if set forth herein.

65. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one half (1½) times the regular rate of pay for all hours plaintiff worked in excess of forty.

66. Defendants failed to pay plaintiff the overtime wages to which plaintiff was entitled under the NYLL.

67. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

68. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM
## (New York Labor Law – Spread-of-Hours Pay)

69. Plaintiff repeats and realleges all forgoing paragraphs as if set forth herein.

70. Defendants willfully failed to pay plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which plaintiff worked more than ten hours.

71. By defendants' failure to pay plaintiff spread-of-hours pay, defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

72. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
## (NYLL Wage Theft Prevention Act – Failure to Provide Annual Wage Notices)

73. Plaintiff repeats and realleges all forgoing paragraphs as if set forth herein.

74. The NYLL and Wage Theft Prevention Act ("WTPA"), as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

75. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

76. In violation of NYLL § 191, defendants failed to furnish plaintiff, at the time of hiring or whenever there was a change to his rate of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

77. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

### SEVENTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

78. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

79. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

80. Throughout plaintiff's employment with defendants, defendants paid plaintiff without providing a wage statement at the end of every pay period accurately listing, *inter alia*: the overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

81. Defendants failed to furnish plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

82. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. declaring that defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

b. declaring that defendants violated the notice and record keeping provisions of the NYLL and WTPA;

c. declaring that defendants have violated the spread-of-hours pay provisions of the NYLL;

d. declaring that defendants' violations of the FLSA and NYLL were willful;

e. awarding plaintiff unpaid minimum and overtime wages;

f. awarding plaintiff unpaid spread-of-hours pay;

  g. awarding plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the NYLL;

  h. awarding plaintiff liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

  i. awarding plaintiff pre- and post-judgment interest under the NYLL;

  j. awarding plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

  k. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
   April 14, 2016

PECHMAN LAW GROUP PLLC

By: _____
  Louis Pechman
  Laura Rodriguez
  488 Madison Avenue, 11th Floor
  New York, New York 10022
  (212) 583-9500
  pechman@pechmanlaw.com
  rodriguez@pechmanlaw.com
  *Attorneys for Plaintiff*